# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### DOCKET NO. 3:03-CR-181-2-FDW

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM** |
| **JOHNNY CLAYTON WHITE, JR.,** | ) | **OF DECISION** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1.     Defendant is eligible for a sentence reduction to a period of confinement equal to 96 months for the reasons set forth in the Supplement to the Presentence Report.

2.     In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3.     The full record before the Court reflects a defendant who was a main distributor of crack cocaine within the conspiracy and also a member of a violent "enforcement team" who regularly

used and carried firearms in furtherance of the conspiracy. Furthermore, this defendant's disciplinary record while incarcerated, which includes two relatively recent citations for assault and threatening bodily harm, indicates that he has not yet learned to respect the law. .

4.     Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds that the original sentence of **108 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a reduction would frustrate those objectives.[1]

An appropriate Order shall issue separately.

Signed: April 23, 2009

Frank D. Whitney
United States District Judge

---

[1]The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order.  See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).